IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-00002-WYD-KLM

ALISON RAMIREZ,

     Plaintiff,

v.

VERO BEACH FINANCIAL GROUP, INC d/b/a/ VERO BEACH FINANCIAL,

     Defendant.

---

## ORDER OF DEFAULT JUDGMENT

---

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment filed May 20, 2015.  For the reasons stated below, Plaintiff's motion is granted.

I first address the procedural history of the case.  On January 1, 2015, Plaintiff commenced this action to enforce the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" ), and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101 *et seq.* ("CFDCPA").  On January 28, 2015, Plaintiff served Defendant with the summons, complaint, and civil cover sheet.  (Mot. for Default J., Ex. 1.)  Defendant was required to answer or otherwise respond to the complaint by February 18, 2015.  Defendant failed to timely answer or otherwise respond to the complaint and has, to date, still not responded.

On March 23, 2015, Plaintiff filed a Motion for Entry of Clerk's Default.  (ECF No. 7.)  The Clerk entered default against Defendant that same date pursuant to Fed. R. Civ. P. 55(a).  (ECF No. 8.)

Turning to my analysis, Fed. R. Civ. P. 55(b) provides authority for the entry of a default judgment. "'Decisions to enter judgment by default are committed to the district court's sound discretion. . . .'" *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted). After an entry of default, a defendant cannot defend a claim on the merits. *Id.* at 1125 and n. 11. However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* The court must also determine that the court has jurisdiction over the defendant. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

In the case at hand, I find that subject matter jurisdiction exists under 28 U.S.C. § 1331 based on federal question jurisdiction due to the FDCPA claim and under 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over Plaintiff's claims under the CFDCPA pursuant to 28 U.S.C. § 1367(a).

I also find that personal jurisdiction exists over the Defendant. "[T]o exercise jurisdiction in harmony with due process, [the defendant] must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This can be satisfied by showing either

-2-

general or specific jurisdiction. *Neimi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014). The plaintiff need only make a prima facie showing of personal jurisdiction if the motion for default judgment is decided only on the basis of affidavits and other written materials. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, ___ F. Supp. 3d ___, 2015 WL 1087048, at *4 (D. Colo. March 9, 2015).

I find that the Complaint alleges a prima facie case of personal jurisdiction based on specific jurisdiction. Specific jurisdiction exists if "(1) Defendant purposefully directed its activities at Colorado or its residents or acted in some other way by which it purposefully availed itself of the benefits and protections of conducting business in Colorado, and (2) Plaintiff's claims arise out of or relate to Defendant's forum-related activities." *Villanueva v. Account Discovery Sys., LLC*, No. 14-cv-395-WYD-KLM, 2015 WL 148965, at *5 (D. Colo. Jan. 12, 2015). Here, Plaintiff is a Colorado resident. (Compl., ¶ 5.) Defendant is a Delaware corporation with its principal place of business in Florida, but is alleged to do business in Colorado. (*Id.*, ¶¶ 7-9.) I find that Plaintiff's allegations establish that Defendant purposefully availed itself of the benefits and protections of doing business in Colorado by choosing to attempt to collect the debt that was incurred by Plaintiff and communicating via telephone and letter with Plaintiff in Colorado regarding same. (*Id.*, ¶¶ 17-34.) Moreover, I find that Plaintiff's claims arise out of or relate to Defendant's forum-related activities related to Defendant's efforts to collect the debt. Finally, I find that as Defendant purposefully availed itself of the privilege of conducting activities in Colorado through its debt collection attempts, the prospect of being haled into court here was reasonable. I find from the foregoing,

that exercising jurisdiction over the Defendant does not offend traditional notions of fair

play and substantial justice.  *See also Villanueva*, 2015 WL 148965, at *6-7.

I now turn to whether Plaintiff's Complaint establishes a claim for relief such that

default judgment is appropriate.  To establish a violation of the FDCPA, Plaintiff must

show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the

debt arises out of a transaction entered into primarily for personal, family, or household

purposes, as required by 15 U.S.C. § 1692a(5); (3) Defendant is a "debt collector"

within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or

omissions, violated a provision of the FDCPA.  *Villanueva*, 2015 WL 148965, at *9.

The Complaint in this case alleges that (1) Plaintiff is a "consumer" and

Defendant is a "debt collector", as those terms are used by the FDCPA (¶¶ 6, 14); (2)

Defendant, the debt collector, was attempting to collect a consumer debt, as that term

is used by the FDCPA (¶¶ 17-25); and (3) the debt was assigned to Defendant for

collection after the debt was in default (¶ 18).  It also alleged that Defendant, as a debt

collector, sent a letter containing false, deceptive, and misleading statements in an

attempt to collect the debt, *i.e.*, it stated a false, misleading, and deceptive amount for

the debt.  (Compl., ¶¶ 23-28.)  I find from the foregoing unchallenged and well pled

facts that Plaintiff has established a claim for relief under the FDCPA and is entitled to a

default judgment on this claim.  *See* 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10)

(prohibiting the use of any false, deceptive, or misleading representations or means in

connection with the collection of any debt).

I also note that 15 U.S.C. § 1692g(a) requires a debt collector to send to a consumer a written notice containing the amount of the debt within five days of its initial communication with a consumer.  The notice must meaningfully convey the amount of the debt in terms that the least sophisticated consumer will readily understand. *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2002).  Plaintiff alleges that Defendant's letter states the "Amount" of the debt is $1,120.00 and the "Total" is $1,130.05.  (Compl., ¶ 26.)  These two numbers cannot be reconciled.  Accordingly, I agree with Plaintiff that Defendant also did not convey the amount of the debt in accordance with 15 U.S.C. § 1692g(a).

Additionally, I find from the well-pleaded facts that Plaintiff has established a claim for relief under the CFDCPA.  Plaintiff alleges that (1) she is a "consumer" and Defendant is a "collection agency" as those terms are used in the CFDCPA.  (Compl., ¶¶ 6, 15); (2) Defendant was attempting to collect a consumer debt as that term is used by the CFDCPA (*id.*, ¶¶ 18-25); and (3) the debt was assigned to Defendant for collection after the debt was in default (*id.*, ¶ 18.)  Colo. Rev. Stat. § 12-14-105(3)(c) requires a collection agency's initial written communication with the consumer to include: ""FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/ CADCMAIN.CFM."  The Complaint alleges that Defendant's letter to Plaintiff, which was the initial written communication with her, did not contain this notice.  (Compl., ¶ 36.)  Further, Colo. Rev. Stat. § 12-14-105(3)(e) requires a collection agency's initial written communication with the consumer to include the following statement: "A consumer has the right to request

in writing that a debt collector or collection agency cease further communication with the consumer.  A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt."  Again, Plaintiff alleges that Defendant's letter did not include this notice. (Compl., ¶ 38.)  Finally, the debt collector is required to be licensed as a collection agency with the State of Colorado.  Colo. Rev. Stat. § 12-14-115(1)(a).  The Complaint alleges that Defendant is not registered as a licensed collection agency.  (*Id.*, ¶ 57.)

As to damages, Plaintiff is seeking statutory damages for violations of both the FDCPA and CFDCPA.  Ordinarily, a consumer cannot recover statutory damages for violations of the FDCPA and the analogous state law.  Thus, the CFDCPA provides that: "[t]he policy of this state is not to award double damages under this article and the federal 'Fair Debt Collection Practices Act', 15 U.S.C. sec. 1692 et seq.  No damages under this section shall be recovered if damages are recovered for a like provision of said federal act."  Colo. Rev. Stat. § 12-14-113(6).  However, I find that because there is no like provision to Colo. Rev. Stat. §§ 12-14-105(3)(c), (e), or 12-14-115(1)(a) in the FDCPA, Plaintiff is entitled to recover statutory damages for both the FDCPA and the CFDCPA.

The analysis for the award of damages is identical under both Acts.  The amount of statutory damages is awarded based upon "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." 15 U.S.C. § 1692k(b)(1); Colo. Rev. Stat. § 12-14-113(2)(a).  Under both Acts, the maximum amount of statutory damages

is $1,000.00. *Id.* "'All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.'" *Villanueva*, 2015 WL 148965, at *11 (quotation omitted). "Thus, a determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages." *Id.* Exercising my discretion, I find that the maximum amount of statutory damages should be awarded under both Acts ($1,000 per Act) based on the allegations of the Complaint and the fact that Defendant failed to respond to the merits of the Complaint.

Finally, I address Plaintiff's request for attorneys' fees and costs. The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). I find that Plaintiff is entitled to recover her reasonable attorneys' fees and costs because default has entered against Defendant and I have determined that Plaintiff has sufficiently alleged a violation of the FDCPA. Plaintiff attached to her motion as Exhibit 2 an Affidavit of counsel Daniel J. Vedra attesting to the attorney fees. The motion and Affidavit show that Plaintiff's attorney expended 3.8 hours in prosecuting this action, including the time necessary to prepare this motion and fee petition. I find under the lodestar approach, *see Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), that expending 3.8 hours in drafting the complaint in this case, filing suit, and preparing the motion for fees was reasonable. I also find that counsel's hourly rate ($225.00 per hour for work on FDCPA cases) is reasonable and consistent with rates

for attorneys with the same experience working on FDCPA cases.  Thus, I grant the request for an award of $855.00 in attorney fees.

Finally, Plaintiff incurred $435.00 for filing and service fees in this case.  Plaintiff requests that these amounts be added to the judgment.  I find that these costs should also be awarded pursuant to 15 U.S.C. § 1692k(a)(3).

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 10) is **GRANTED**.  In accordance therewith, it is

ORDERED that the Clerk of Court shall enter a default judgment against Defendant in the amount of **$2,000.00** in statutory damages.  The default judgment shall also include an award of attorneys' fees in the amount of **$855.00** and costs in the amount of **$435.00**.

Dated:  June 17, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge